Good morning. May it please the court, my name is Ashley Gamborian. Oh, you have to please keep your voice up. I'm having just a little bit of trouble hearing you. I'm sorry, Your Honor. My name is Ashley Gamborian, and I represent the petitioner, Mr. Garegin Sargsyan. I will be addressing three issues today in court. The first one is whether this court has jurisdiction to review the immigration judges and the Board of Immigration Appeals decision denying Mr. Sargsyan's application for what is commonly known as 212H waiver. The second issue is going to be whether there's a legal standard, as the government has argued, and that's the government's issue that's been raised. And also the third issue is whether we've sufficiently exhausted the issue. The jurisdiction issue we're relying on in Guerrero-Las Prillas v. Barr, where the U.S. Supreme Court considered the issue of the applicant of equitable tolling due diligence standard. The court held that because the application of a legal standard to undisputed or established facts is a mixed question of law and fact, and therefore a question of law. Here's my difficulty, and maybe you can help me with it. The BIA and the immigration judge made, in effect, two rulings. They said, first, we don't think your client is eligible for a 212H waiver, but if he is, we would deny it in the exercise of our discretion. And I think the first ruling is probably reviewable, but does it matter if they denied it? If they also said, if we've had jurisdiction, we would deny in the exercise of our discretion. Your Honor, with all due respect, I think the immigration judge and the BIA did find that he was statutorily eligible for a 212H waiver. I agree with you. I'm saying that. And if that were the only ruling, you could come up here and say that's a mixed question of law and fact. But there's a second ruling here by both the IJ and the BIA, and they say, and eligibility issues aside, we would reject this application based on the exercise of our discretion. And what I'm having difficulty with and where I need your help is how we can review that ruling. Well, there is a legal standard that the immigration judges and the BIA have to apply, and they did correctly state this. What legal standard applies to the exercise of their discretion? It's the matter of Mehrendiz-Morales factors. Those factors have been used in immigration cases, in 212C waivers, cancellation of removals, any discretionary relief applications. And that's a very well-settled standard that the immigration judges have to abide. The immigration judges cannot just have unfettered discretion. They have contours within the law to apply the facts. And in this case, the immigration judge and the BIA completely ignored a lot of positive factors that could have made a difference in their decision. How do you know they ignored them? They simply didn't agree with Mr. Sargassan's position. Well, they did. Even though the court said that it has considered all the facts and all the evidence, it didn't seem like he did because... Well, they didn't agree with you. That's pretty clear. No, but they did. It seems to me I don't quite follow you to the extent you're arguing they weren't aware of them. Well, they put undue weight on the fact that they didn't think that he had expressed sufficient remorse. But that's exactly what an exercise of discretion is. That's exactly what's non-reviewable, isn't it? No, because that's a legal question whether they followed the legal standard. Why is that a legal question? Because they have to... You said your position is that the record is replete with evidence of contrition. The IJ and the board didn't agree with that. They said, well, he's really not contrite. His explanation for these federal felony convictions was that he was in the wrong place at the wrong time. But he also stated that he had made mistakes and that he now lived a life without that extra stuff. Sure. So he did admit and acknowledge his mistakes. He didn't just say, oh, I didn't do it. But the court took those facts and distorted them basically and applied those facts in their lenses to the law. So that makes it a legal issue that the court...  Because they cannot just ignore, they cannot just take one fact and stress on it and give it... Isn't that exactly what the exercise of discretion is about? There's a bunch of facts. And I think this one is more important than these. I think that's exactly what Judge Parker was asking. Why isn't that exactly what judges do when they exercise their discretion? Well, in Zamorano's case... I've read Zamorano, but it doesn't say, gee, you should weigh... When you have all the facts, you should weigh them a certain way. It just says these are all the facts you should look at. There's no indication the IJ or the BIA didn't look at all the facts. You just think they weighed them wrong. And they may have. But we're out of that business, aren't we, this court? Well, in Zamorano, this court held that the judge had ignored a lot of the positive factors and just concentrated on his two DUI convictions that didn't even result in any injury to anyone. It was just property damage. And then they actually held that the court had applied the wrong legal standard and they had jurisdiction to review. Well, I'm reading the IJ's decision. And the IJ says, while the court acknowledges the positive factors presented, it nonetheless finds they're outweighed by the negative factors. So I'm not sure. How can we find, with that language in the decision, that the judge ignored the positive factors as opposed to not finding them weighty enough? He didn't mention any of the positive factors. How do we know which positive factors he actually considered? We don't know. He ignored a lot of it, apparently, because he said he did not express sufficient remorse. What is sufficient remorse? It's that the judges should not have that kind of power. Well, actually, the judge says, in the present matter, the court recognizes the respondent has presented several significant positive equities. And then the judge, I'm looking at ER 51, recounts in a whole paragraph the positive equities that your client presents. And then he says, I think it's a he. I want it to be a Timothy. He says, and here are the negative ones, and I find they outweigh the positive ones. So even if the rule were that he had to mention them expressly, he did. He ignored the letters from the family members that were actually submitted into the evidence without any objection. What do you mean? You're contending he didn't read them? Because in those letters, it said that he expressed a lot of remorse, and he was very sorry for what he had done. He had acknowledged his mistakes. But the judge basically ignored those statements. Respondent has also provided numerous letters from his family members and individuals in the community attesting to his good moral character. The IJ expressly mentions those letters. Yes. In other words, the IJ did exactly what you just said he didn't do. No, the IJ, even though he mentioned, he didn't consider the contents of the letters. He just said that. Judge Hurwitz just read you the provision where he just said the opposite of what you said. But had he considered the contents, he would have come up with a different conclusion. According to these letters, the respondent has been, and then he goes on and recounts what the letter says. I understand that you think the IJ didn't reach the right decision, but I'm not sure how you can argue that the IJ didn't note the existence of these letters, look at their contents, and perhaps didn't weigh them the way you'd like. Counsel, would you like to leave the remaining one minute of your time for rebuttal? Yes. Thank you. Good morning, Your Honor. May it please the Court, Eric Anderson representing the Attorney General on the case before the Court today. Mr. Sargsyan is a native of Armenia who obtained lawful permanent residence in the United States. He has conceded, however, that he is removable on the basis of his crime involving moral turpitude convictions, and that leaves him in the position of having the burden to show that he is both eligible for this 212H waiver, 8 U.S.C. 1182H, and that he merits a favorable exercise of discretion in receiving it. And the Board found him eligible? Yes, Your Honor. If the Board had found him ineligible, could we review that? Certainly on the hardship issue, when the Board says here, we agree with the IJ that removal would cause your citizen wife extreme hardship, that is removable, that is reviewable rather. Because that would be a mixed question of law and fact under Wilkinson. Correct, Your Honor. But, of course, we move on to Step 2, where ultimately the immigration judge determined that Mr. Sargsyan had the opportunity to say what he had done and whether he was rehabilitated, and instead of forthrightly saying it, he dissembled on the record before the immigration judge, and on that basis the immigration judge and Board determined he did not merit. Can we review the credibility determination? No, Your Honor, because of cases like the Supreme Court's Patel decision. When we're in this realm of the denial of discretionary relief, the only review available is that under 1252A2D, and the resolution of credibility is not a legal issue under 1252A2D. If the IJ had said, I find you not credible because you're Armenian and I don't like Armenians, could we review that? The case wouldn't have even gotten this far, Your Honor. Well, I understand, because the BIA would have done its duty. I'm asking a hypothetical. If you pick something else, like, because you had six letters in your last name, something perhaps less, that is a legal issue. Can you deny discretion? Can you deny eligibility because of the number of letters in your last name? That would be a reviewable legal issue. So do we have jurisdiction? No, Your Honor, and that somewhat determines asking what issues has Mr. Sargsyan attempted to raise in this court, and all the ones he has attempted to raise are not colorable legal issues. Just briefly, three, in terms of the Guerrero-LaSbrilla kind of mixed question, the review of undisputed facts and the application of a legal standard, Wilkinson is very clear that this does not apply at the step two discretionary stage. That's footnote four of Wilkinson itself. Also, we're not in that realm because the facts are very much disputed. Another major issue Mr. Sargsyan attempts to raise is were there any issues, any evidence or factors that were overlooked, and I believe on page 12 of the immigration judge's decision, as Judge Hurwitz was going through, Mr. Sargsyan does not identify any issues that were overlooked. So you would agree that we can resolve this petition in its entirety on the jurisdictional issue? Yes, Your Honor. And although I am prepared to answer any other questions, I would allow those people standing perhaps to get a seat and just ask the court to dismiss the petition for review. Thank you. Thank you, Your Honor. Ms. Gamborian, you have a minute. I just wanted to mention that in Wilkinson, the Supreme Court said that even if we have to immerse in facts, it does not make it a factual decision. It's still a question of law and facts if there is a legal question involved. So I think there is a legal question involved in this case because the judges do not have unfettered discretion. They have to follow the factors enumerated, and we don't believe that the judge actually did that in this case. And there have been cases where discretionary factors have been reviewable, Zamorano, Genk versus Holder. All these cases are very instructive, Your Honors, because they did involve discretionary relief applications, the same factors that were used in this case. And this court did find that it had jurisdiction because the judges had ignored evidence, had distorted facts, undisputed facts, and they had not applied the legal standard to those facts. Thank you very much. Counsel, before you sit down, I want you to look, just to let you know, we gave you a hard time, but that's our job. And we are not unmindful of the effects that decisions like this have on spouses and children and family members, but at the end of the day, we're a court of law. But if I had been an I.J., I may have ruled differently and may have been the same with my colleagues, but there are rules that we're bound by. I just wanted to say that sometimes people plead guilty for different reasons. We know that. Even when they're not guilty. So if we require people to admit their guilt regardless in immigration court, are we asking them to lie in immigration court about their involvement in the crimes just because they plead guilty? So this is a question of law that I think we should address because it happens all the time where the clients tell us, well, I wasn't guilty, I just plead guilty. Yet, it seems like according to this judge, he was supposed to say, I was guilty anyway because even if it's not the truth, he has to say that. We understand. In order to get favorable exercise of discretion. Let me ask one other question. I can't tell from this record whether your client was advised at the time he pleaded guilty of the possible immigration consequences. If he wasn't, there is an avenue for relief, and if he were to obtain that relief, I think he could probably move to reopen. But I just raised that issue without trying to commit you to it. I just want to make sure you're aware. I considered that. I looked into that and I've thought about that. He was held inadmissible for two crimes involving moral turpitude. And for whatever reason, at the time he pleaded guilty, he had an attorney that advised him. I don't know exactly what it was. But would it help him to vacate the state conviction, the federal conviction? I don't know the answer to that. Yes, I've thought about it. That's why I've thought about it. It may be an avenue for relief. I've thought about it. Thank you, Ms. Kimbrough. Thank you for the arguments. Thank you so much. Thank you. Thank you, counsel. We'll next hear argument in the United States v. Gonzales-Silva.
judges: Parker, HURWITZ, DESAI